UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -



UNITED STATES OF AMERICA,                    No.1:05-CR-260-01

           Plaintiff,

    v.                                       Hon. Robert Holmes Bell
                                      Chief United States District Judge

RAYMOND ADAMS,

           Defendant.

_____/

## PLEA AGREEMENT

This constitutes the plea agreement between Defendant Raymond Adams (hereinafter "Defendant") and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.     <u>The Defendant Agrees To Plead Guilty</u>. The Defendant agrees plead guilty to Count One of the Indictment, which charges the Defendant with conspiracy to distribute and possess with intent to distribute heroin, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(C).

2.     <u>The Defendant Understands The Crime</u>. In order for the Defendant to be guilty of violating 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), as charged in Count One of the Indictment, the following must be true: that between an unknown date in late 2004 and continuing through on or about October 16, 2005, the Defendant knowingly, intentionally and unlawfully conspired or agreed with another to distribute and possess with intent to distribute

heroin in Antrim County and elsewhere. The Defendant is pleading guilty because he is guilty of the charge described above.

3. <u>The Defendant Understands The Penalty For The Offense</u>. The statutory sentence that the Court can impose for Count One is: a maximum of 20 years imprisonment; at least three (3) years of supervised release; a fine of $1,000,000; and a mandatory special assessment of $100. The Defendant agrees to pay the special assessment at or before the time of sentencing unless the Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>The Defendant Understands Supervised Release</u>. Supervised release is a period of time following imprisonment during which the Defendant will be subject to various restrictions and requirements. The Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5. <u>The Defendant Agrees To Cooperate</u>. The Defendant agrees to fully cooperate with the U.S. Attorney's Office for the Western District of Michigan, the Federal Bureau of Investigation (FBI), the Antrim County Sheriff's Department, and any other law enforcement agency in the investigation of the charges contained in the Indictment, as well as the investigation of past crimes over which this office has actual or apparent jurisdiction. The Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful proffer concerning the Defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully

2

testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in the Defendant's possession or under the Defendant's control, including but not limited to objects, documents, and photographs. The Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which the Defendant should reasonably know will assist in the investigation of other criminal activity. The Defendant will neither commit nor assist others in the commission of any criminal offense during the course of his cooperation with the United States. The Defendant will submit to polygraph examination(s) upon request. The Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and/or prosecutions in which the Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

      6.    The United States Attorney's Office Agrees:

      A.    Not to oppose the Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under §3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by the Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the government states that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, thereby permitting the government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

B. To move to dismiss the remaining counts in the Indictment against the Defendant at the time of sentencing. The Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement the Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

C. Not to bring additional criminal charges against the Defendant in the Western District of Michigan arising out of his involvement with the possession with intent to distribute controlled substances, provided that the Defendant's conduct is fully disclosed to the Government by the Defendant or his attorney prior to the date of this agreement. The Defendant shall remain subject to prosecution for any criminal activity he has failed to disclose to the Government prior to the date of the agreement. This promise of non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

D. That the information to be provided pursuant to the proffer, and any information to be provided pursuant to the Defendant's promise to cooperate as described in this agreement, will not be used by the government to enhance the Defendant's sentence pursuant to U.S.S.G. §1B1.8 and according to the terms of the written agreement entered into between the parties immediately prior to the proffer.

E. To determine whether to file a motion for reduction of sentence pursuant to U.S.S.G. §5K1.1 and/or Federal Rule of Criminal Procedure 35(b). The Defendant fully understands that such a motion may be made pursuant to law if, and only if, Defendant fully

4

cooperates with the government and materially and substantially assists the government in the investigation or prosecution of others. The determination of whether Defendant has provided substantial assistance to the United States will be made in the sole discretion of the U.S. Attorney's Office. The Defendant fully understands that this paragraph is not a promise by the government to file such a motion, but rather, a promise to use good faith in evaluating Defendant's assistance to the government in the prosecution of others to determine whether or not such a motion should be filed. Additionally, Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court has complete discretion to determine how much of a sentence reduction Defendant will receive based upon the nature and extent of Defendant's assistance. The Defendant acknowledges and agrees that he may not appeal the Court's exercise of its discretion in granting or denying a motion for reduction of sentence, if such a motion is made.

7.      The Sentencing Guidelines. The Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must "consult" the Guidelines and take them into account when sentencing the Defendant. The Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing and that the Defendant and the Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of his guideline range and the sentence to be imposed. The defendant further understands that the Court shall make the final determination of

the guideline range that applies in this case, but that the Court may fashion a sentence outside the guideline range, and that the sentence imposed is within the sole discretion of the Court. The Defendant further understands that disagreement with the guideline range or sentence shall not constitute a basis for withdrawal of the plea.

8.     Waiver Of Constitutional Rights. By pleading guilty, the Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the Defendant would have had the following rights:

A.     The right to the assistance of counsel, including, if the Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the Defendant.

B.     The right to be presumed innocent and to have the burden of proof placed on the government to prove the Defendant guilty beyond a reasonable doubt.

C.     The right to confront and cross-examine witnesses against the Defendant.

D.     The right, if the Defendant wished, to testify on the Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

E.     The right not to be compelled to testify, and, if the Defendant chose not to testify or present evidence, to have that choice not be used against the Defendant.

By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

9.     The Court Is Not A Party To This Agreement.  The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  The Defendant further understands that even if the Court ignores such a recommendation and/or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement.  The Defendant understands that no one -- not the prosecutor, the Defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence the Defendant will receive, except that it will be within the statutory maximum.

10.     This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.  This agreement applies only to crimes committed by the Defendant.  This agreement does not apply to any pending forfeiture proceedings, and shall not preclude any past, present, or future civil or forfeiture actions.

11.     If the Defendant breaches any provision of this agreement, including the cooperation provision, whether before or after sentencing, the United States shall have the right to terminate this agreement or deny any and/or all benefits to which the Defendant would otherwise be entitled under the terms of this agreement.  In the event that the United States elects

7

to terminate the agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

12.     Deadline for Acceptance of Agreement. If a copy of this agreement, executed by the Defendant and defense counsel, is not returned to the U.S. Attorney's Office by close-of-business Wednesday, February 9, 2006, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

13.     This agreement has been freely, knowingly, and voluntarily entered into by both sides, it incorporates the complete understanding between the parties, and no other promises have been made. Nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

MARGARET M. CHIARA
United States Attorney

2/8/06
Date

BRIAN P. LENNON
Assistant United States Attorney


I have read this agreement, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My

8

attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

2-8-06
Date

RAYMOND ADAMS
Defendant

I am Raymond Adams' attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

2-8-06
Date

CRAIG A. FREDERICK
Attorney for Defendant