UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

UNITED STATES OF AMERICA

        **Plaintiff**                              Case No. 1:05:CR:260-01

Vs                                          Hon. Robert Homes Bell
                                                  Chief District Court Judge

RAYMOND WILLIAM ADAMS

        **Defendant**

_____/

| | |
|---|---|
| United States Attorney | Craig A. Frederick |
| Attorney for Plaintiff | Attorney for Defendant |
| The Law Bldg. | 3330 Grand Ridge Dr. |
| Grand Rapids, MI 49503 | Grand Rapids, MI 49525 |
| (616)456-2404 | (616)447-8000 |

**DEFENDANT'S SENTENCING MEMORANDUM**

      Mr. Adams submits that some of the scoring in the Pre-sentence report is incorrect. Counsel for Mr. Adams has discussed these issues with Assistant United States Attorney, Brian Lennon and now believes that we have reached a fair compromise on the scoring applicable to this case.

      Mr. Adams first objection is to the base offense level of 26 for an alleged quantity of 261.2 grams of heroin as scored in paragraph 140. The basis for this scoring is found primarily in paragraph 111 through 117. While Mr. Adams does not deny selling heroin to several individuals he maintains that he did not sell more than 100 grams total. An example of the exaggerated amount is found in paragraph 117 where the report states "Mr. King reported buying at least 3 ounces or 85 grams of heroin from Raymond Adams." This is at odds with Mr. King's statement in paragraph 62 where he states he was purchasing heroin for "$300 per gram."

Simple division says that the most Mr. King could have purchased is 23.3 grams.  Thus, Mr. Adams contends that many of the heroin users have provided questionable and inflated quantities for this case.  Mr. Adams contends that a scoring of 24 points as a base offense for 80 to 100 grams of heroin is the highest he should be scored.

The second scoring objection is in paragraph 143 where Mr. Adams is given 4 points as an organizer or leader of a criminal activity of five or more participants.  It does appear that Mr. Adams was the person most significantly involved in the heroin distribution, however, it is somewhat of a stretch to look at this essentially street dealing operation as an organization.  Essentially, Mr. Adams sold use level amounts of heroin to individuals, who sometimes in turn sold some of their heroin to reduce their own costs of using.  The only individuals that can really be attributed to Mr. Adams "organization" could be his brother, Ronald Adams and Kenneth Wright.  Others were just customers and never "worked for" Mr. Adams.  Thus, it would appear that this is not an organization of five or more participants.  Therefore, Mr. Adams should only be scored for 2 points on this variable.

Mr. Adams submits that the appropriate scoring for him should be a total offense level of 25 with criminal history level IV for a guideline range of 84-105 months.

DATED: July 6, 2006                                             Respectfully Submitted

                                                            Craig A. Frederick
                                                            Craig A. Frederick